# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 23, 2010

Lyle W. Cayce
Clerk

No. 09-31077
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MACK ARTHUR SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CR-3-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mack Arthur Smith appeals his jury conviction for possession of ammunition by a convicted felon. He argues that the district court abused its discretion in admitting testimony that he sought to influence witnesses and to discourage them from providing testimony that inculpated him. Smith contends that the extrinsic evidence had little or no probative value and that the probative value was substantially outweighed by the danger of unfair prejudice. He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that the extrinsic evidence should not have been admitted because the Government did not provide proper notice of its intent to use the evidence.

This court uses a two-step inquiry to analyze the admissibility of extrinsic evidence under Federal Rule of Evidence 404(b): (1) the extrinsic evidence must be relevant to an issue other than the defendant's character, and (2) the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Federal Rule of Evidence 403. *United States v. Mitchell*, 484 F.3d 762, 774 (5th Cir. 2007) (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)). This court reviews the district court's decision to admit the extrinsic evidence under a heightened abuse-of-discretion standard. *See Mitchell*, 484 F.3d at 774. "Even if the district court abused its discretion in admitting the Rule 404(b) evidence, [this court] [does] not reverse if the error was harmless." *Id.* (citations omitted).

Smith's efforts to influence witnesses and to discourage them from testifying candidly were probative of his consciousness of guilt (*i.e.*, that the witnesses' truthful testimony would likely result in his conviction). *See United States v. Rocha*, 916 F.2d 219, 240-41 (5th Cir. 1990). Because the evidence was probative of an issue other than Smith's character, it was admissible under Rule 404(b). *See id.* at 241. And under the circumstances of this case, it was reasonable for the district court to find that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. *See id.* Thus, the district court did not abuse its discretion in admitting extrinsic evidence concerning Smith's attempts to influence witnesses. *See Rocha*, 916 F.2d at 240-41. Even assuming the district court erred in admitting such evidence, that error was harmless in light of the overwhelming evidence supporting the jury's finding of guilt. *See Mitchell*, 484 F.3d at 774.

AFFIRMED.